UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH POINDEXTER,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Case No. 08-1883 (RJL) |
| **D.C. DEPARTMENT OF CORRECTIONS,** *et al.* | ) |
| **Defendants.** | ) |

MEMORANDUM ST OPINION
(September 21, 2012) [#72]

Plaintiff Joseph Poindexter ("plaintiff" or "Poindexter") brings this action against two groups of defendants: (1) Pamunkey Regional Jail Authority ("PRJA") and its employees, Superintendent James Willett, Corrections Officer Mark A. Claveau, Corrections Officer Kimberly D. Hopkins, Corrections Officer Thomas L. Eckert, and Grievance Corrections Officer Eugene G. Emelianov (collectively, "Virginia defendants"), in their official capacities[1]; and (2) the District of Columbia (the "District"). Plaintiff seeks declaratory and injunctive relief, in addition to compensatory and punitive damages, for violations of his constitutional rights arising out of plaintiff's imprisonment

---

[1] Plaintiff voluntarily dismissed all claims against defendants James Willett, Mark A. Claveau, Kimberly Hopkins, Thomas L. Eckert, and Eugene G. Emelianov in their individual capacities on December 21, 2011. *See* Pl.'s Vol. Dismissal of Claims, ECF No. 75.

1

at the District and Pamunkey Regional Jails.   Before the Court is the Virginia defendants' Renewed Motion to Dismiss ("VA Defs.' Mot. to Dismiss"), or in the Alternative, Motion to Transfer Venue ("VA Defs.' Alt. Mot. to Transfer") (Dkt. #72). Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the Court GRANTS the Virginia defendants' Alternative Motion to Transfer the action to the United States District Court for the Eastern District of Virginia.

## BACKGROUND

Plaintiff Joseph Poindexter has been a District of Columbia inmate since August 2005.  Second Am. Compl. ("Compl.") ¶¶ 20-21, ECF No. 71.   On March 17, 2008, however, plaintiff was transferred to and temporarily detained at the Pamunkey Regional Jail ("Pamunkey") in Hanover, Virginia. *Id.* ¶¶ 7, 22.   Prior to his transfer, plaintiff asserts that defendant   District of Columbia registered him under the incorrect name and refused to correct the error despite plaintiff's insistence, thereby depriving him of important legal and personal correspondence in violation of his constitutional rights.   *Id.* ¶¶ 30-37.   Making similar allegations against the Virginia defendants, plaintiff also contends that, from the date of his transfer to the filing of the complaint in the instant case, he was, among other things, divested of legal correspondence and access to legal materials, placed in segregation without notice or a hearing, and denied his blood pressure medication by the Virginia defendants, in violation of his First, Fifth, Eighth and Fourteenth Amendment rights.   *See id.*   ¶¶ 38-79.

On December 5, 2011, the Virginia defendants renewed their motion to dismiss this action, or in the alternative, transfer the case to the United States District Court for the Eastern District of Virginia. *See generally* VA Defs.' Mot. to Dismiss, VA Defs.' Alt. Mot. to Transfer, ECF No. 72. For the following reasons, the Virginia defendants' Alternative Motion to Transfer is GRANTED.

## ANALYSIS

The Court has broad discretion to transfer cases pursuant to 28 U.S.C. § 1404(a), even when venue is proper. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983). Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The burden is on the moving party—here, the Virginia defendants—to show that the plaintiff could have brought the action in the transferee district, and that the "balance of convenience of the parties and witnesses and the interest of justice are in [its] favor."[2]

As a threshold matter, transfer is proper because this suit could have initiated in the Eastern District of Virginia. The general venue provision of 28 U.S.C. § 1391[3]

---

[2] *Levin v. Majestik Surface Corp.*, 654 F. Supp. 2d 12, 15 (D.D.C. 2009) (alteration in original) (quoting *Consol. Metal Prods., Inc. v. American Petroleum Inst.*, 569 F. Supp. 773, 774 (D.D.C. 1983)); *Lagor v. Eli Lilly & Co.*, No. 06-1967, 2007 WL 1748888, at *1 (D.D.C. June 18, 2007).

[3] Because the plaintiff brings the instant action pursuant to 28 U.S.C. §§ 1331 and 1343,

3

provides that an action can be brought in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Under this standard, the Eastern District of Virginia is an appropriate venue because almost the entirety of plaintiff's claims against the defendants are predicated on actions or omissions that occurred during and as a result of plaintiff's incarceration at Pamunkey in Hanover, Virginia[4], which is located within the confines of the Eastern District of Virginia's jurisdiction. *See* Compl. ¶¶ 7, 30-79.

In deciding the transfer motion, this Court must also consider whether the Virginia defendants have satisfied their burden of demonstrating that the convenience to the parties and witnesses, and the interests of justice, weigh in favor of transfer. Implementing an "individualized, case-by-case consideration of convenience and fairness," courts weigh both the public interests of the court and the private interests of the parties to determine whether transfer is warranted. *Stewart Org.*, 487 U.S. at 29 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *Nat'l Ass'n of Home Builders v. EPA*, 675 F. Supp. 2d 173, 176 (D.D.C. 2009); *Orr v. Gonzales*, 447 F. Supp. 2d 1, 2 (D.D.C. 2006). The six private interest considerations include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of

---

neither of which contain specific venue provisions, the general venue requirement of § 1391 is applicable.

[4] *See infra* pp. 5-6.

access to sources of proof.  *See Nat'l Ass'n of Home Builders*, 675 F. Supp. 2d at 176. The public interest factors are: (1) the transferee's familiarity with governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding controversies at home.  *See id.*

After a weighing of these private and public interest factors, it is clear that a transfer of this case to the Eastern District of Virginia is merited.  First, the plaintiff's claims against defendant District of Columbia have been dismissed by this Court, leaving the Virginia defendants as the sole remaining adverse parties in this controversy.  *See* Mem. Op., Sept. 19, 2012, ECF No. 85.  Consequently, the plaintiff is the only remaining party in the case with ties to the District of Columbia[5], and the few, marginal events that allegedly occurred in the District of Columbia are now irrelevant, as such events were the factual predicate for plaintiff's dismissed claims against the District and are not material to plaintiff's claims against the Virginia defendants.  *See* Compl. ¶¶ 5, 26-37; *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 6-7 (D.D.C. 1996) (granting transfer to Maryland where the "substantive acts relevant to [the] suit occurred in Maryland" and the only relationship the action bore to the District of Columbia was plaintiff's residence there).

In addition, plaintiff alleges that his constitutional rights were violated by the Virginia defendants when they, among other things, "registered [p]laintiff under the wrong last name," resulting in "the loss of legal and personal mail" regarding "his then

---

[5] All of the Virginia defendants are located or reside in Virginia. *See* Compl. ¶¶ 7-13.

on-going cases and his sentencing hearing" and failed to provide legal materials covering the District of Columbia in its law library, thereby depriving him "of access to the courts." Compl. ¶¶ 38-39, 41-45, 47-50, 52-53. The plaintiff also asserts that the Virginia defendants "locked [him] in a cell for administrative segregation" without a hearing or "any notice of the . . . specific charges he was alleged to have violated," "denied [him] access to legal calls to his attorney," "placed [him] in belly chains, handcuffs, and leg irons during his one hour recreation time" and "forced [him] to remain in a cell containing the feces and urine of other inmates," causing him to suffer "dizziness, light-headedness, migraine headaches, and vomiting." *Id.* ¶¶ 55-79. Indeed, plaintiff's suit against the Virginia defendants is based entirely on conduct that allegedly occurred (or did not occur) during plaintiff's temporary detainment at Pamunkey, from March 17, 2008 to October 21, 2008, in Hanover, Virginia (*not* in the District of Columbia).[6] *Id.*; *see also id.* at 1, ¶ 7. Although courts must afford some deference to the plaintiff's choice of forum, *Pain v. United Techs. Corp.*, 637 F.2d 775, 783 (D.C. Cir. 1980), *overruled in part on other grounds by Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), the law is clear that such deference would be misplaced under circumstances, such as these, in which the substantive acts relevant to the suit occurred elsewhere and the

---

[6] *See Treppel v. Reason*, 793 F. Supp. 2d 429, 436-37 (D.D.C. 2011) ("Courts in this district have held that claims arise under 28 U.S.C. § 1404(a) . . . where most of the significant events giving rise to the claims occurred") (internal quotation marks omitted); *Davis v. Am. Soc'y of Civil Eng'rs*, 290 F. Supp. 2d 116, 123 (D.D.C. 2003) (finding that claims did not "arise" in the District of Columbia where "only one of the many potential

plaintiff's choice of forum lacked meaningful ties to the parties, facts and claims in the suit.

Finally, the Virginia defendants, the "crucial witnesses to the events [plaintiff] describes in his . . . [c]omplaint," reside in Virginia, Mem. in Supp. of VA Defs.' Renewed Mot. to Dismiss, or in Alt., Mot. to Transfer ("VA Defs.' Mem.") at 6, ECF No. 73, and there is no evidence indicating that any potential witness residing in the District of Columbia would be inconvenienced if this case is transferred to the Eastern District of Virginia. In addition, all of the relevant documents relating to plaintiff's incarceration at Pamunkey, as well as the purported improper actions taken by the Virginia defendants, are located at the facility in Hanover, Virginia. VA Defs.' Mem. at 6. All of these private-interest factors weigh heavily in favor of the transfer of this case.

The interests of justice are also better served by transferring this case to the Eastern District of Virginia. Courts in this district have consistently held that the public interest favors allowing the state in which the purported wrongful acts occurred to settle conflicts arising from conduct committed entirely in that state. Because the claims and facts that underlie the plaintiff's suit against the Virginia defendants arise from conduct that allegedly occurred in the state of Virginia, *see supra* pp. 5-6, transfer of this case to the Eastern District of Virginia would thus allow the matter to "be resolved in the forum where the people whose rights and interests are most affected by the suit are located."

---

events giving rise to this action . . . occurred in the District of Columbia").

...

*Southern Utah Wilderness Alliance v. Lewis*, 845 F. Supp. 2d 231, 237 (D.D.C. 2012) (citing *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 19-20 (D.D.C. 1996)). Plaintiff's argument that the "[D.C. and Virginia] [d]istrict[] courts have an equal interest in resolving the controversy," Pl.'s Opp'n to Renewed Mot. to Dismiss, or in the Alternative, Mot. to Transfer Venue ("Pl.'s Opp'n") at 14, ECF. No. 76, is unpersuasive, as it is premised on the active status of plaintiff's claims against the District, which have now been dismissed by this Court.

## CONCLUSION

Thus for all the foregoing reasons, defendants' Alternative Motion to Transfer Venue [Dkt. #72] is hereby GRANTED. An appropriate order shall accompany this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge